**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALYSSA DOWLING,<br>Plaintiff,<br>v.<br>ERIK KOMITEE,<br>Defendant. | No. 26-CV-12281-DLC |

**ORDER TO REASSIGN TO A DISTRICT JUDGE AND RECOMMENDATION OF DISMISSAL**

CABELL, U.S.M.J.

On May 19, 2026, a *pro se* litigant proceeding under the name "Alyssa Dowling" filed a one-page civil complaint and a motion for leave to proceed *in forma pauperis*. As set forth below, the Court will order that this case be reassigned to a District Judge and recommend that this action be DISMISSED.

## I. Complaint

The complaint names "Eric Komitee" as the defendant. The body of the complaint consists of two factual allegations: "Defendant displayed discrimination" and "Eric Komitee failed to show due respect. Compl. at 1. Dowling asks that "the Court to grant relief that is just and proper" and that she be afforded "a chance to amend the Complaint before dismissal." *Id.* Dowling signed the complaint under penalty of perjury. *Id.*

**II. Discussion**

Article III of the Constitution limits the jurisdiction of the federal courts to “Cases” or “Controversies.” U.S. Const. art. III, § 2. For a case or controversy to exist, the plaintiff must have standing, or, in other words, the plaintiff “must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant’s challenged action; and redressable by a favorable ruling.” *Horne v. Flores*, 557 U.S. 433, 445 (2009).

Here, Dowling does not set forth a claim for which she has standing. She does not identify any conduct by the defendant that injured her personally.

In the absence of a case or controversy over which the court could exercise jurisdiction, the Court will recommend to the District Judge that this action be dismissed.

The court notes that “Alyssa Dowling” appears to be a recreational litigant who is wasting court resources in federal judicial districts across the country. According to information available on the Federal Courts’ PACER (Public Access to Court Electronic Records) platform, from May 18, 2026 through May 22, 2026, a plaintiff named Alyssa Dowling filed a case titled “*Dowling v. Komitee*” in thirty-nine other federal district courts. A sampling of these cases show that the complaint is identical to the one Dowling filed in this court. *See, e.g.*, *Dowling v.*

*Komitee*, C.A. No. 8:26-cv-01492 (M.D. Fla.); *Dowling v. Komitee*, C.A. No. 1:26-cv-00391 (D.N.H.); *Dowling v. Komitee*, C.A. No. 2:26-cv-00218 (E.D. Wash.).

## III. Order and Recommendation

Accordingly, the Court **ORDERS** that this action be reassigned to a District Judge. The Court **RECOMMENDS**[1] to the District Judge to whom the action is assigned that the action be **DISMISSED** without prejudice for lack of jurisdiction, and that the *in forma pauperis* motion be denied as moot.

So ordered.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: July 21, 2026

[1] The parties are advised that, under Fed. R. Civ. P. 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).